815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick H. McCULLOCH, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3979.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 1
 Before KEITH, KENNEDY and RYAN Circuit Judges.
 
 ORDER
 
 2
 The petitioner moves for pauper status concerning his petition for review of the Benefits Review Board's (Board) decision denying his claim for black lung benefits. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 3
 At the time of the hearing before the administrative law judge (ALJ), the petitioner was sixty-four years old, married, and living in Cleveland, Ohio. He worked in the coal mines in West Virginia from 1939 to 1953. He then worked as a machinist for an x-ray machine manufacturer for twenty years before retiring. At the hearing, he complained that he has difficulty breathing and walking. He has no hobbies and just spends most of his time reading. He does drive an automobile occasionally.
 
 
 4
 The petitioner was represented by counsel at the hearing and before the Board. The ALJ concluded that, although the petitioner had pneumoconiosis that arose out of coal mine work, the petitioner was not totally disabled. The Board affirmed the ALJ's decision to deny benefits.
 
 
 5
 This Court's scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the ALJ's decision. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1116 (6th Cir. 1984), cert. denied, 471 U.S. 1116 (1985). This standard requires the Board to adopt the ALJ's findings of fact if they are supported by substantial evidence. Bizzarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir. 1985).
 
 
 6
 The issue in this case arises from 20 C.F.R. Sec. 718.204(b). Under this regulation, the petitioner must show that he is totally disabled from performing his usual coal mine work and from performing other gainful employment comparable to coal mine work. The petitioner's evidence on this issue consists of a report by Dr. Hochstetler, who states that the petitioner could not perform any coal mine work. The doctor added, however, that the petitioner was not totally disabled.
 
 
 7
 Thus, the petitioner has not shown that he could not perform comparable work such as that of machinist. In his informal brief, the petitioner argues that Haywood v. Secretary of Health and Human Services, 699 F.2d 277 (6th Cir. 1983) supports his position. In Haywood, however, the claimant took a prescription drug to prevent smothering and wheezing at night, coughed up dust-colored phlegm, and did not drive. The facts in the present case are clearly not that severe, so Haywood can be distinguished from the present case. Therefore, the Board was correct to affirm the ALJ's decision denying benefits.
 
 
 8
 The motion for pauper status is granted. The decision of the Board is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.